IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Orlando Ira Brown, | ) | C/A No.  3:15-1023-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Orlando Ira Brown, a self-represented litigant, brings this action alleging discrimination in violation of Title II of the Americans with Disabilities Act. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process because the court lacks subject matter jurisdiction in this case.

**I.     Factual and Procedural History**

Plaintiff, who alleges that he is "disabled according to Social Security law," claims that his rights under Title II of the Americans with Disabilities Act ("ADA") have been violated by six probate court orders, issued between July of 2012 and June of 2014, directing Plaintiff to abstain from the use of alcohol. (ECF No. 1 at 3-4.) Plaintiff seeks monetary damages and an "injunction . . . to gain the right to purchase and consume alcohol in the State of South Carolina." (Id. at 5.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).



Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous.[1] See Mallard v. United States Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

**B.     Analysis**

A federal district court cannot exercise "jurisdiction over cases brought by 'state court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' " Lance v. Dennis, 546 U.S. 459, 460 (2006) (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the Rooker-Feldman doctrine, see, e.g., Lance, 546 U.S. at 460, and is applicable when an unsuccessful state court litigant challenges a state court decision by alleging that it caused him injury. See Davani v. Virginia Dep't of Transp., 434 F.3d 712, 716 (4th Cir. 2006); see also Washington v. Wilmore, 407 F.3d 274, 280 (4th Cir. 2005) (holding that the Rooker-Feldman doctrine does not apply where a plaintiff's claim of injury does not rest "on the state court judgment

---

[1] Plaintiff in this case is neither a prisoner nor proceeding *in forma pauperis* in district court. Therefore, "the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006), permitting *sua sponte* dismissal of complaints which fail to state a claim are inapplicable." Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012).



itself"). Because the Rooker-Feldman doctrine is jurisdictional it may be raised by the court *sua sponte*. American Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003); Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n.5 (4th Cir. 1997). Further, the Rooker-Feldman doctrine applies even if the state court litigation has not reached a state's highest court. See Robart Wood & Wire Prods. Corp. v. Namaco Indus., Inc., 797 F.2d 176, 178 (4th Cir. 1986) (holding that federal courts must give full faith and credit to the judicial proceedings of every state).

In this case, Plaintiff alleges that six orders issued by the Richland County Probate Court prior to the commencement of this civil action violate his rights under Title II of the ADA.[2] As relief, the Complaint seeks both monetary damages and an injunction, which would essentially reverse the state court judgments in regard to Plaintiff's ability to consume alcohol. As discussed above, the Rooker-Feldman doctrine bars this court from exercising jurisdiction in such a case. See Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment."); see also McSparin v. McSparin, 489 F. App'x 348, 350-51 (11th Cir. 2012) (affirming district court's finding that the Rooker-Feldman doctrine deprived it of jurisdiction over a plaintiff's ADA claim seeking "to nullify the state court decision"). Although Plaintiff frames his claim as one brought pursuant to the ADA, that statute "does not provide an independent source of federal jurisdiction that overrides the application of the Rooker-Feldman doctrine." Dale v. Moore, 121 F.3d 624, 628 (11th Cir. 1997) (collecting cases); see also Rowl v. Smith Debnam Narron Wyche

---

[2] The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132.



Sainstring & Myers, LLP, C/A No. 3:07-cv-491-RJC, 2009 WL 187575, at *2 n.5 (W.D.N.C. Jan. 23, 2009) (holding that a "plaintiff cannot use an ADA claim as an end-run to evade the Rooker-Feldman doctrine in order to get into federal court"), aff'd, 566 F. App'x 264 (4th Cir. 2014). As the court lacks subject matter jurisdiction over this civil action, the instant Complaint should be summarily dismissed. See Chong Su Yi v. Soc. Sec. Admin. 554 F. App'x 247, 248 (4th Cir. 2014) (affirming *sua sponte* dismissal of claims in a fee-paid *pro se* case pursuant to the inherent authority of the court).

### III.  Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 16, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk
>  United States District Court
>  901 Richland Street
>  Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).