**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Orlando Ira Brown, | ) | Civil Action No. 3:15-1023-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Orlando Ira Brown ("Plaintiff") brings this action alleging discrimination in violation of Title II of the Americans with Disabilities Act (ADA) against the State of South Carolina ("Defendant"). Plaintiff asks the court to issue an injunction to reverse state court orders barring Plaintiff from purchasing alcohol and to award Plaintiff money damages. ECF No. 1. In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on April 16, 2015, recommending that the court summarily dismiss the complaint on the grounds that the *Rooker-Feldman* doctrine precludes the court from exercising jurisdiction. ECF No. 10. Plaintiff filed objections to the Report and Recommendation on May 4, 2015. ECF No. 13.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* review of any portions of the Report and Recommendation to which a specific objection is made. *Id.* The district court need not conduct a *de novo* review when a party makes only general and

conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).

Plaintiff's objections do not direct the court to a specific error in the Magistrate Judge's Report and Recommendation. *Orpiano*, 687 F.2d at 47-48. Nevertheless, the court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has properly applied the applicable law. The Magistrate Judge properly found that Plaintiff is an unsuccessful state court litigant attempting to challenge a state court decision in federal court by alleging that it caused him injury. Invoking the provisions of the ADA does not permit Plaintiff to overcome the jurisdictional bar of the *Rooker-Feldman* doctrine. *Dale v. Moore*, 121 F.3d 624, 628 (11th Cir. 1997) ("[T]he ADA does not provide an independent source of federal court jurisdiction that overrides the application of the *Rooker-Feldman* doctrine.").

Based upon the foregoing, the court adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge. The court **summarily dismisses** the complaint without prejudice and without service of process.

**IT IS SO ORDERED.**

    s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

May 18, 2015
Columbia, South Carolina

2